UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

        Sheren Akter,

                      Debtor.
-------------------------------------------------------x

NOTICE OF MOTION TO
VACATE AUTOMATIC STAY

CHAPTER 7
CASE 10-41789
Bankruptcy Judge:
Hon. Elizabeth Stong

SIRS:

        PLEASE TAKE NOTICE, that upon the Affirmation of Lisa L. Wallace Esquire, dated April 30, 2010 and the attached exhibits annexed hereto, the undersigned will move this Court before Honorable Elizabeth Stong on May 28, 2010 at 10:00 AM at the United States Bankruptcy Court for the Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, for an order pursuant to 11 U.S.C. §362 (d)(1) and (d)(2) granting The Bank of New York Mellon FKA The Bank of New York, As Trustee For the Certificateholders CWMBS, INC., CHL Mortgage Pass-Through Trust 2006-3 Mortgage Pass-Through Certificates, Series 2006-3 to proceed with a foreclosure of its mortgage, and for such other, further and different relief as may seem just, proper and equitable.

        PLEASE TAKE NOTICE, that answering affidavits, if any, must be served upon the undersigned and filed with the Court not less than Seven (7) days prior to the return date of this motion.

Dated: Westchester, New York
       April 30, 2010

McCabe, Weisberg & Conway
Attorneys for Secured Creditor
by: *s/ Lisa L. Wallace*
Lisa L. Wallace, Esq.
145 Huguenot Street, Suite 499
New Rochelle, NY 10801
914.636.8900

TO:   Sheren Akter                            Debtor
40 Metropolitan Oval, #4G
Bronx, NY 10462

Sadatu Salami-Oyakhilome       Attorney for Debtor
Law Offices of Salami-Oyakhilome, P.C.
147-26 Hillside Avenue
Jamaica, NY 11435

Robert J. Musso                     Trustee
26 Court Street
Suite 2211
Brooklyn, NY 11242

Diana G. Adams                     U.S. Trustee
271 Cadman Plaza East
Suite 4529
Brooklyn, NY 11201

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

                                          MOTION TO
                                          VACATE AUTOMATIC STAY

       Sheren Akter,                            CHAPTER 7
                                               CASE 10-41789
                                               Bankruptcy Judge:
                                               Hon. Elizabeth Stong

                      Debtor.
----------------------------------------------------------x
STATE OF NEW YORK                )
COUNTY OF WESTCHESTER      ):ss

      Lisa L. Wallace, the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

      1.      That the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1334(a)(b), 28 U.S.C.§157(a), 28 U.S.C. §157(b)(2)(G), and the Bankruptcy Amendments and Federal Judgeship Act of 1984.

      2.      I am associated with the law firm of McCabe, Weisberg & Conway PC, attorneys for the secured creditor The Bank of New York Mellon FKA The Bank of New York, As Trustee For the Certificateholders CWMBS, INC., CHL Mortgage Pass-Through Trust 2006-3 Mortgage Pass-Through Certificates, Series 2006-3 (hereinafter "Creditor") to proceed with a foreclosure of its mortgage.

      3.      I make this Affirmation in support of an Order vacating the automatic stay entered in this Chapter 7 proceeding and permitting Creditor to proceed with the foreclosure of its lien against the real property known as *88-03 146th Street, Jamaica, NY 11435* (hereinafter "Premises") which is owned by Sheren Akter (hereinafter "Debtor").

4. That the Creditor is a domestic banking corporation organized and existing under and by virtue of the laws of the United States of America.

5. That Creditor is the owner and holder of a certain Note and Mortgage in the original amount of $525,000.00 dollars.

6. That as collateral security for the loan Sheren Akter executed a Mortgage securing a Note on December 27, 2005. Said Mortgage is a first position lien upon the Premises. (A copy of the Mortgage is annexed hereto as Exhibit A).

7. That by reason of the Debtor having filed a petition under Chapter 7 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of New York on March 4, 2010 Creditor is stayed from commencing a proceeding to foreclose its security interest in the Premises.

8. That the said loan held by Creditor is presently in default and that the Debtor has failed to make payments as required. That as of April 12, 2010, the Debtor is thirty three (33) payments behind on monthly mortgage obligations, to wit; August 1, 2007 monthly mortgage obligation in the amount of $2,936.85 dollars to January 1, 2008 monthly mortgage obligation in the amount of $2,936.85 dollars, February 1, 2008 monthly mortgage obligation in the amount of $3,072.99 dollars to July 1, 2008 monthly mortgage obligation in the amount of $3,072.99 dollars, August 1, 2008 monthly mortgage obligation in the amount of $2,376.44 dollars to September 1, 2008 monthly mortgage obligation in the amount of $2,376.44 dollars, October 1, 2008 monthly mortgage obligation in the amount of $4,191.39 dollars to January 1, 2010 monthly mortgage obligation in the amount of $4,191.39 dollars, February 1, 2010 monthly mortgage obligation in the amount of $3,637.12 dollars to April 1, 2010 monthly mortgage obligation in the amount of $3,637.12 dollars, *totaling $115,818.67 dollars.*

9. That Creditor as the holder of said lien, according to the terms and conditions of said Note and Mortgage, desires to foreclose said lien.

10. That the Debtor presently owes Creditor an amount in excess of $566,338.07 dollars plus legal fees and costs.

11. Based upon a valuation of the Premises said real property is valued at $444,000.00 dollars (See attached Broker Price Opinion, Exhibit B). However, since we are valuing the Creditor's interest in the real property, i.e. its mortgage, and in order to realize that interest the Creditor would have to foreclose on the Premises, the Court should use a liquidation value to determine the Creditor's interest in the Premises. *In re Gould*, 348 B.R. 78, 80 (Bkrtcy.D. Mass. 2006).

12. 11 U.S.C. §362(d)(1) provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) for cause, including a lack of adequate protection of an interest in property..." As set forth herein, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to the Creditor.

13. Failure to make contractually due mortgage payments may constitute "cause" to modify the automatic stay under 11 U.S.C. §362(d)(1). "We have held numerous times that the continued failure to tender periodic payments to a secured creditor pursuant to the terms of an underlying loan may constitute "cause" for relief under §362(d)(1)." *In re Wright, Egan & Associates*, 60 B.R. 806, 807 (E.D.Pa.1986).

14. 11 U.S.C. §362(d)(2) provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "with respect to a stay of an act against property under subsection (a) of this section, if-

(A) the debtor does not have an equity in such property, and

(B) such property is not necessary to an effective reorganization

15. In determining whether or not the debtor possess equity in the Premises under 11 U.S.C.§362(d)(2)(A) the Court should aggregate all liens encumbering the Premises and then subtract the value of said liens from the value of the Premises. "The classic test for determining equity under section 362(d)(2) focuses on a comparison between the total liens against the property and the property's current value." *Stewart v. Gurley*, 745 F.2d 1194, 1195 (9th Cir.1984).

16. After computing the outstanding mortgages and taking into account the hypothetical costs of liquidating the Premises there is no equity in the Premises and the Premises is not necessary to an effective reorganization.

17. Creditor seeks an Order of relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) (A copy of the proposed Order Vacating the Automatic Stay is annexed hereto as Exhibit C).

18. That Creditor may have to advance large sums on account of property taxes and hazard insurance to protect its security interest.

19. That by virtue of the foregoing, Creditor is not adequately protected.

20. The mortgage held by Creditor provides that the Debtor, the mortgagor therein, shall pay to the Creditor all sums expended by the Creditor due to the default of the Debtor including reasonable attorney's fees. Creditor respectfully requests that the Court grant Creditor $550.00 dollars in reasonable attorney's fees plus reasonable expenses of $150.00 dollars representing the filing fee of this motion, to be paid by the Debtor in the event there are surplus monies as result of the sale of the Premises.

WHEREFORE, Creditor prays that an Order be made and entered herein:

(a) granting relief from the stay of the proceedings relevant to the foreclosure of its mortgage lien against the said Debtor;

(b) granting Creditor permission to commence foreclosure proceedings, and

(c) for such other and further and different relief as this Court may deem just, proper and equitable.

Dated: Westchester, New York
April 30, 2010

                                        *s/ Lisa L. Wallace*
                                        Lisa L. Wallace, Esq.
                                        McCabe, Weisberg & Conway, PC
                                        Attorneys for the Secured Creditor
                                        Countrywide Home Loans, Inc.
                                        53 West 36th Street, Suite 205
                                        New York, New York 10018
                                        (917) 351-1188